UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JOHNNY R. PHILLIPS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-156-TAV-CCS |
| | ) | |
| WILLIAM FITZGERALD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion for Attorney's Fees and Costs [Doc. 11]. For the reasons stated herein, the undersigned will **RECOMMEND** that this motion be **GRANTED IN PART** and **DENIED IN PART**.

**I.     BACKGROUND**

The procedural posture of this case is reviewed in the Chief District Judge's Memorandum Opinion & Order [Doc. 9], entered October 28, 2014. In the Memorandum Opinion & Order, the Chief District Judge granted the Plaintiffs' Motion for Default Judgment and ordered that the Plaintiffs recover from the Defendants the sum of $1,055,120.00, plus reasonable attorneys' fees, costs, and post-judgment interest. The Chief District Judge referred the issue of the amount of the attorneys' fees to the undersigned for report and recommendation.

On October 30, 2014, the undersigned entered an Order directing the Plaintiffs to file a petition for attorneys' fees and costs, with any supporting documentation, on or before November 14, 2014. The Defendants were afforded up to and including December 15, 2014, in which to respond to the petition. The Plaintiffs filed their petition on November 14, 2014. [Doc. 11]. The Defendants did not file a timely response or move the Court to afford additional time for them to respond.

## II. POSITION OF THE PARTIES

Plaintiffs move the Court to award attorneys' fees and costs in the amount of $10,706.57, representing: (a) $7,894.73 in fees and expenses through the filing of the Motion for Default Judgment on September 15, 2014, along with $311.84 in fees associated with filing the Motion for Attorneys' Fees and Costs; and (b) $2,500 in fees and expenses that Plaintiffs posit are anticipated to be incurred in connection with attempting collection. In support of their request, the Plaintiffs have submitted the Affidavit of W. Allen McDonald [Doc. 11-1] and the Affidavit of J. Thomas Jones [Doc. 11-2].

The Defendants have not responded in opposition to the Motion for Attorneys' Fees and Costs, and their time for doing so expired over sixty days ago.

## III. ANALYSIS

The Court will address the issues presented by the Motion for Attorneys' Fees and Costs in turn.

### A. Lack of Timely Opposition

The Defendants were afforded approximately thirty days in which to respond to the Plaintiffs' Motion for Attorneys' Fees and Costs. The Defendants' time for responding expired

on December 15, 2014. The Defendants did not file a response within the time allotted, nor did they move the Court to extend their time for responding. In excess of sixty days have expired since the Defendants' response time expired, and the Defendants have failed to file anything with the Court indicating opposition to the Plaintiffs' request.

The Court may treat the Defendants' lack of timely response to the Plaintiffs' motion as acquiescence to the relief sought by the Plaintiff. See E.D. Tenn. L.R. 7.2. The Plaintiffs' motion could be granted on this basis alone. Nonetheless, and because the parties' agreement provides for "*reasonable* attorney's fees," [Doc. 11 at 1 (emphasis added)], the Court has considered the reasonableness of the fees and expenses requested.

**B.    Attorneys' Fees and Expenses Incurred**

The Court finds that a lodestar analysis is the appropriate means for determining the fees reasonably incurred. See Adcock-Ladd v. Sec'y of the Treasury, 227 F.3d 343, 349 (6th Cir. 2000).

Pursuant to the lodestar method, the Court considers, first, the reasonableness of the hourly rates charged by counsel. The Court finds that the hourly rate charged by Plaintiffs' counsel, [see Doc. 11-1 at ¶ 3, Doc. 11-2 at ¶ 3], are reasonable and are consistent with rates generally charged by practitioners in this region with experience equivalent to that of Plaintiffs' counsel.

As the second component of the lodestar analysis, the Court considers the reasonableness of the hours expended in the litigation. Plaintiffs' counsel represent that just under thirty hours of attorney time was expended in securing the default judgment, in excess of one million dollars, in this case. [Docs. 11-1, 11-2]. The Court finds that the hours expended are reasonable and consistent with the amount of time needed to procure a default judgment.

3

Additionally, the Court finds that the Plaintiffs' request that they be awarded 3% of the amount of attorneys' fees occurred as compensation for the time expended in litigating their request for an award of fees and expenses is reasonable and consistent with the case law of this Circuit and this District.  <u>See</u>, <u>e.g.</u>, <u>Coulter v. Tennessee</u>, 805 F.2d 146, 151 (6th Cir. 1986).

Finally, the Court has considered the expenses for which Plaintiffs seek reimbursement – including filing fees and certified mailings – and the Court finds that these expenses are reasonable and compensable.

For the reasons stated herein, the Court finds that the Plaintiffs' request that they be awarded $7,894.73 in attorneys' fees and expenses incurred in obtaining a default judgment in this case, along with $311.84 in attorneys' fees associated with filing the Motion for Attorneys' Fees and Costs is well-taken, and the undersigned will **RECOMMEND** that it be **GRANTED**.

**C.     Attorneys' Fees and Expenses that Plaintiffs Speculate Will be Incurred**

The Plaintiffs also move the Court to award them "$2,500 in time and expense which can be minimally anticipated to be incurred in connection with attempting collection of Plaintiffs' money judgment."  [Doc. 11 at 1].

The Plaintiffs have not cited any legal basis for this recovery.  Specifically, the Plaintiffs have not cited the Court to any applicable case law that would provide for such an award, nor have they cited the Court to any case law holding that an attorney's statement that certain fees and expenses are reasonably anticipated to be incurred is a sufficient basis on which to award such fees and expenses.

Further, the Plaintiffs have not cited the Court to any factual basis for this recovery.  The Court's own review of the Promissory Note signed by the Defendants reveals that the Defendants agreed "to pay reasonable attorney's fees and all expenses incurred in the collection thereof  . . . ."  [Doc. 1-1 at 1].  Arguably, this language could potentially be a basis for awarding the

4

anticipatory fees that are requested. However, the undersigned finds that the Plaintiffs have failed to demonstrate that the $2,500.00 proposed by counsel is a sufficiently reliable calculation or that those fees and expenses will most likely be incurred.

Awarding the $2,500, at this juncture, would be speculative, and therefore, the undersigned will **RECOMMEND** that this portion of the Plaintiffs' request be **DENIED**.

IV.     **CONCLUSION**

Based upon the foregoing, the undersigned finds that the Plaintiffs' Motion for Attorney's Fees and Costs **[Doc. 11]** is well-taken, in part, and **RECOMMENDS**[1] that it be **GRANTED IN PART** and **DENIED IN PART**. The undersigned **RECOMMENDS** that the Plaintiffs be awarded **$8,206.57**, representing $7,894.73 in attorneys' fees and expenses incurred in obtaining a default judgment in this case, along with $311.84 in attorneys' fees associated with filing the Motion for Attorneys' Fees and Costs. The undersigned **RECOMMENDS** that the Plaintiffs' request for $2,500 that is anticipated to be incurred in attempting collection be **DENIED**.

                         Respectfully Submitted,

                         s/ C. Clifford Shirley, Jr.
                         United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).